USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHUL MANCHANDA ESQ.,

        Plaintiff

-against-

DOUGLAS SENDEROFF MD,

        Defendant.

21-CV-5788 (AJN)

ORDER

ALISON J. NATHAN, United States District Judge:

"Defendant (now Plaintiff-Appellant) Rahul Manchanda Esq.," who is a New York State licensed attorney appearing *pro se*, filed this notice of removal. Defendant paid the filing fees to bring this action. For the reasons set forth below, the Court remands this action to the New York Supreme Court, New York County.

**STANDARD OF REVIEW**

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge*

*Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Defendant Rahul Manchanda, who is the "Plaintiff-Appellant" in this notice or removal, brings this action seeking to remove *Senderoff v. Manchanda*, Index No. 152538/2019, an action pending in New York State Supreme Court, New York County, and two corresponding appeals pending in the New York State Appellate Division, First Department. Defendant Manchanda asserts that the state-court action is "[f]ounded on a [c]laim, [c]ounterclaim, or [r]ight [a]rising under the [l]aws of the United States." (ECF No. 1 at 2.). He further asserts that the notice of removal is timely filed. (*Id.* at 4.)

Defendant Manchanda attaches to his notice of removal copies of the appeals filed in the New York State Appellate Division, First Department; an order of Justice Richard G. Latin, filed in the New York State Supreme Court, New York County; and copies of claims of discrimination that Defendant Manchanda filed with: the New York State Unified Court System, Office of the Inspector General; the Human Rights Council; the Attorney Grievance Committee of the Supreme Court, Appellate Division, First Judicial Department; the Senate Judiciary Committee; the House Judiciary Committee; Congresswomen Rashida Tliab, Ilhan Omar, and Alexandria Ocasio-Cortez; and the Internet Crime Complaint Center.

Defendant is not a stranger to this Court. Because Defendant filed three actions in this court that were dismissed *sua sponte*, by order dated April 16, 2015, the Honorable Vernon S. Broderick of this court warned Plaintiff that the continued filing of frivolous or meritless lawsuits will result in an order under 28 U.S.C. § 1651, barring Plaintiff from filing any new action in this Court without prior permission. *See Manchanda v. Bose*, ECF 1:15-CV-2313, 3 (S.D.N.Y. Apr. 16, 2015).

## DISCUSSION

Removal of this case is improper for two reasons. First, Defendant's notice does not comply with 28 U.S.C. § 1446(a), which requires that a defendant removing an action to federal district court file "a short and plain statement of the grounds for removal" and "cop[ies] of all process, pleadings, and orders" that were served upon him. Defendant fails to detail the nature of the state-court action and the grounds for removal to this Court. Defendant also fails to provide copies of all process, pleadings, and orders that were served upon him. Instead, Defendant attaches copies of the appeals he filed in the Appellate Division and copies of complaints that he filed with various agencies alleging "blatant racism, discrimination and bias by extreme Zionist Jewish NYC Judges against supporters of Palestinian rights, against war with Iran and other Middle Eastern countries." (ECF No. 1 at 25, 30, 34, 36.)

Second, the notice of removal is untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal. 28 U.S.C. § 1446(b). Based on the case numbers provided by Defendant, the matter he seeks to remove to this Court was filed in 2019. According to the records of the New York State Unified Court System, the request for judicial intervention (RJI) was filed on March 21, 2019. *See* https://iapps.courts.state.ny.us/webcivil/. Despite Defendant's assertion that removal is timely because he filed appeals in the New York State Appellate Division, First Department, on or about July 1, 2021, it is clear that Defendant's notice of removal, filed in this Court on July 6, 2021, is filed well beyond 30 days of Defendant's receipt of a pleading, motion or other paper indicating grounds for removal.

For these reasons, the Court concludes that this case may not be removed. Thus, the action is remanded to the New York State Supreme Court, New York County. *See Mitskovski*, 435 F.3d at 131 (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for

3

either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the New York State Supreme Court, New York County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

The Clerk of Court is directed to mail a copy of this order to Defendant Manchanda and note service on the docket.

SO ORDERED.

Dated: July 28, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge